MOIES GINCE *vs.* JOSEPH H. BELAND.

PROVIDENCE—JANUARY 11, 1904.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Negligence. Assumed Risk. Duty.*

Declaration alleged as ground of negligence that on the top of the ledge where plaintiff was working there was a loose stone liable to fall, and which did 'fall upon him, and charged defendant with knowledge, but alleged that plaintiff did not and could not know that the stone was loose and liable to fall. On demurrer:—

*Held*, that the facts stated did not show an obvious risk.

*Held*, further, that the facts showed a *prima facie* duty from the defendant to warn the plaintiff.

*Held*, further, that, the declaration stating a *prima facie* case, the quesion of negligence was for the jury.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer overruled.

PER CURIAM. The first ground of demurrer is that, so far as appears by the declaration, the fact that on the top of the ledge where the plaintiff was working there was a loose stone liable to fall, and which did fall upon him, was obvious or might have been known to the plaintiff by the exercise of due care.

(1)     The declaration states that the plaintiff did not know that the stone was loose and liable to fall, and that he could not have known it by the exercise of due care.

The court cannot say on these allegations that the risk was obvious. *Lee* v. *Reliance Mills*, 21 R. I. 322. The stone, doubtless, was visible, but it does not follow that it was loose or liable to fall. It may have appeared to be firmly imbedded and not liable to fall. The declaration charges the defendant with knowledge.

We see no ground for demurrer on this point.

The second ground of demurrer is that the declaration does not show any duty from the defendant to warn the plaintiff of the danger.

All the cases cited on this point were on petition for a new trial, where the facts were before the court, except *Brodeur* v. *Valley Falls*, 16 R. I. 448, where the negligence of a fellow-servant appeared in the declaration. In the present case a duty, *prima facie*, appears, and the second ground of demurrer is not sustained.

The third ground is that, so far as appears from the declaration, the defendant was not negligent. The declaration stating a *prima facie case*, the question upon this point is one of fact.

Demurrer overruled.

*Thomas F. Vance*, for plaintiff.

*Ambrose Choquet and Clarence A. Aldrich*, for defendant.